COOLEY LLP
JOHN W. CRITTENDEN (101634)
(jcrittenden@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

COOLEY LLP
JOHN PAUL OLEKSIUK (283396)
(jpo@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

Attorneys for Plaintiff
BitTorrent, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITTORRENT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BITTORRENT MARKETING GMBH, a limited liability company organized under the laws of Germany,<br><br>Defendant. | Case No. CV 12-2525 EJD<br><br>**REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT BITTORRENT MARKETING GMBH** |

**TO THE CLERK:**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Civil Local Rule 77-2, plaintiff Bittorrent, Inc. ("Plaintiff") hereby requests that the Clerk of this Court enter a default in this matter against defendant Bittorrent Marketing GMBH ("Defendant") on the ground that said defendant has failed to appear or otherwise respond to the Complaint within the time prescribed by Federal Rule of Civil Procedure 12(a)(1) and the Orders of this Court.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1355201 v3/SF

1.

REQUEST FOR ENTRY OF DEFAULT
CV 12-2525 EJD

The complaint in this action was filed on May 16, 2012. Dkt. 1. The following day, Cooley LLP contacted Legal Language Services ("LLS") to begin translating the complaint and accompanying materials into German and to take the necessary steps to effect service of process in Germany on Defendant under the provisions of the *Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* (the "Hague Convention"). Declaration of John Paul Oleksiuk ("Oleksiuk Decl.," filed herewith) ¶ 2.

Plaintiff attempted to complete service upon Defendant at its registered address with a request under the Hague Convention to the relevant Central Authority in Germany three times since the Complaint was filed. *Id.* ¶ 3. Each time, Defendant appealed service at the relevant court in Germany. *Id.* Each appeal was refused, and the German court hearing the appeal decided that service should be completed. *Id.*

However, service was not effected in each case because Defendant changed its address while the request under the Hague Convenion was pending. *Id.* ¶ 4. Defendant has now had no fewer than four different registered addresses since the start of this lawsuit. *Id.* On February 28, 2014, Plaintiff learned that Defendant's most recent registered address is Dornhofstraße 34, 63263 Neu-Isenburg, Germany. *Id.*

On October 29, 2013, the Court ordered that Plaintiff may effect substituted service personally upon German counsel for Defendant, Christoph Hoppe, of the Summons and Complaint, and other related court documents, in both English and German (collectively, the "Initiating Documents"), at the known address for Mr. Hoppe. *See* Order on Bittorrent, Inc.'s Administrative Motion for Substituted Service of Summons and Complaint, Dkt. 28 ("Order Permitting Substituted Service"); Oleksiuk Decl. ¶ 5.

Though the Order Permitting Substituted Service did not require that delivery of the Initiating Documents to Mr. Hoppe occur under the *Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* (the "Hague Convention"), Plaintiff first attempted to complete substituted service by delivery of the Initiating Documents to Mr. Hoppe using the Hague Convention procedures. Oleksiuk Decl. ¶ 6.

By request to the Central Authority for Düsseldorf dated November 5, 2013, Plaintiff requested service under the Hague Convention of the Initiating Documents upon Defendant via delivery to Mr. Hoppe. *Id.*

On December 4, 2013, the Court granted Plaintiff's Administrative Motion for an Extension of Time to Complete Service of Summons and Complaint and ordered that Plaintiff shall have until March 2, 2014 to complete service of the Initiating Documents. Order on BitTorrent, Inc.'s Administrative Motion for Extension of Time to Complete Service of Summons and Complaint and Extension of Associated Case Management Deadlines, Dkt. 31; Oleksiuk Decl. ¶ 7.

On January 3, 2014, Plaintiff learned that its request to the relevant German authorities to arrange for delivery of the Initiating Documents to Hoppe under the Hague Convention was declined because Hoppe had not made an appearance for Defendant in this case. Oleksiuk Decl. ¶ 8.

On January 17, 2014, Plaintiff sent the Initiating Documents, via FedEx Overnight Mail, to Mr. Hoppe in accordance with the Order Permitting Substituted Service. *See* Proof of Service, Dkt. 32; Oleksiuk Decl. ¶ 9. The Initiating Documents were delivered to Mr. Hoppe on January 20, 2014, as evidenced by the Proof of Service of Summons and accompanying Proof of Delivery filed with this Court on January 29, 2014. *See* Dkt. No. 32; Oleksiuk Decl. ¶ 10. Plaintiff's delivery of the Initiating Documents was therefore timely completed before the Court's deadline of March 2, 2014. On January 21, 2014, the Initiating Documents were also emailed by Plaintiff to Mr. Hoppe. Oleksiuk Decl. ¶ 11.

Consequently, Defendant's responsive pleading was due on February 10, 2014. *See* Dkt. 28 and 31 (orders requiring Defendant to answer or otherwise move in response to the Complaint within twenty-one (21) days of delivery of the Summons and Complaint and related documents to German counsel Christoph Hoppe, and extending the deadline for Plaintiff to complete service); Oleksiuk Decl. ¶¶ 5, 12. Defendant, however, has failed to file or serve an answer or other responsive pleading and has not otherwise appeared to contest this action. Oleksiuk Decl. ¶ 13.

Defendant, being a corporate entity, is not a minor, an incompetent person, or in the military service. *Id.* ¶ 14. Because the Defendant against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by the Oleksiuk Decl. and by the Docket in this proceeding, the Clerk is respectfully requested to enter the Defendant's default pursuant to Fed. R. Civ. P. 55(a).

Dated: April 8, 2014                                COOLEY LLP

*/s/ John W. Crittenden*
John W. Crittenden (101634)
Attorneys for Plaintiff BitTorrent, Inc.