COOLEY LLP
JOHN W. CRITTENDEN (101634)
(jcrittenden@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

JOHN PAUL OLEKSIUK (283396)
(jpo@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, CA  90401
Telephone:     (310) 883-6400
Facsimile:      (310) 883-6500

Attorneys for Plaintiff
BitTorrent, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITTORRENT, INC., a California corporation, | Case No.  CV 12-2525 BLF |
| Plaintiff, | **SEPARATE CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| v. | |
| BITTORRENT MARKETING GMBH, a limited liability company organized under the laws of Germany, | |
| Defendant. | |

Plaintiff in the above-entitled action, BitTorrent, Inc. ("BitTorrent"), submits this SEPARATE CASE MANAGEMENT STATEMENT & PROPOSED ORDER ("Separate Case Management Statement") pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 (the "Standing Order"), Civil Local Rule 16-9, and this Court's April 17, 2014 Order Reassigning Case *available at* http://cand.uscourts.gov/orders/blf-order.pdf (the "Order Reassigning Case").   This Separate Case Management Statement contains BitTorrent's separate position on all issues outlined in the Standing Order.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106518851 v1

1.

SEPARATE CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER
CV 12-2525 BLF

1    Defendant has actual notice of the Order Reassigning Case, as evidenced by the reference

2    to the Order Reassigning Case on Defendant's infringing website. *See* Oleksiuk Declaration in

3    Support of Separate Case Management Statement ("Oleksiuk Decl.") ¶¶ 2-4.

4    The Order Reassigning Case provides that a separate statement is appropriate if either

5    party is proceeding without counsel. *See* http://cand.uscourts.gov/orders/blf-order.pdf.    No

6    counsel has formally entered an appearance for Defendant in this matter.    Nevertheless,

7    BitTorrent unsuccessfully sought cooperation from Defendant by contacting Christoph Hoppe,

8    the German attorney representing Defendant in other matters upon whom substituted service was

9    permitted, as well as Defendant directly. *Id.* ¶ 5. Mr. Hoppe responded by requesting that

10   BitTorrent "refrain from sending [him] any further communications regarding this matter." *Id.* ¶

11   6.

12   As set forth in detail in BitTorrent's April 8, 2014 Request for Entry of Default Against

13   Defendant Bittorrent Marketing GmbH (Dkt. 33), Defendant has changed its address three times

14   since the current lawsuit commenced, in an apparent effort to evade service.  Oleksiuk Decl. ¶ 7.

15   After substituted service was accomplished by service personally upon Mr. Hoppe via email and

16   FedEx Overnight Mail, Mr. Hoppe apparently returned the Complaint and Summons to the Court

17   by letter dated April 9, 2014.  Oleksiuk Decl. ¶ 8.

18   This Separate Case Management Statement is necessitated by Defendant's unwillingness

19   to cooperate in filing a Joint Case Management Statement.  *Id.* ¶ 9.

20   **I.    JURISDICTION & SERVICE**

21   *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's*

22   *counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any*

23   *parties remain to be served, and, if any parties remain to be served, a proposed deadline for*

24   *service.*

25   This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C.

26   §1051 *et seq.*  This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §

27   1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  No issues exist regarding personal jurisdiction or

28   venue. Defendant has been served.  *See* Proof of Service, Dkt. 32. No parties remain to be served.

## II. FACTS

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

BitTorrent is one of the world's leading peer-based technology companies. BitTorrent offers advanced, innovative technologies under the BITTORRENT® trademark that enable the efficient delivery of large files across the Internet.

BitTorrent and its predecessor have continuously used the inherently distinctive trademark BITTORRENT® to market and distribute file-sharing products and services in the United States since at least as early as 2001. The BITTORRENT® protocol and client were initially released in the United States and internationally by BitTorrent's founder, Bram Cohen, in July 2001. Cohen subsequently incorporated BitTorrent in September 2004 and thereafter assigned all of his right, title, and interest in the BITTORRENT® trademark, together with any goodwill associated therewith, to BitTorrent.

Defendant has engaged in a calculated effort to challenge and usurp BitTorrent's rights in the BITTORRENT mark since 2003.  In early 2012, BitTorrent discovered that Defendant had begun using the BITTORRENT mark in the United States. From before the filing of the present lawsuit until very recently, Defendant's infringing domain names (including bitorrent.com and bitorrent.net) (the "Infringing Domain Names") resolved to http://bittorrent.net, a website that prominently features the BITTORRENT trademark at the top of the page ("Defendant's BITTORRENT Website").

Defendant's BITTORRENT Website provides links to "The Best Place to Download Music, Movies & Games! 250 times faster!," and offers users "Over 3000 TV channels! Watch anytime you want."  Defendant is capitalizing on misdirected users who are seeking to avail themselves of BitTorrent's products and services and are instead led to Defendant's BITTORRENT Website (through Defendant's use of the Infringing Domain Names).

Defendant's use of the BITTORRENT trademark in connection with its file sharing and viewing products and services is likely to cause confusion, mistake, or deception as to the source or sponsorship of the products and/or is likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored Defendant's products and services.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106518851 v1                    3.                    SEPARATE CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER
CV 12-2525 BLF

By the time Defendant acquired the Infringing Domain Names, BitTorrent owned protectable U.S. rights in the BITTORRENT® mark and the BITTORRENT® mark was widely recognized as an indicator of source for BitTorrent's products and services. BitTorrent is informed and believes and based thereon alleges that Defendant acquired and subsequently made use of the Infringing Domain Names to drive traffic to Defendant's websites and promote products and services that generate revenue for Defendant. BitTorrent is informed and believes and based thereon alleges that Defendant acquired and has used the Infringing Domain Names with a bad faith intent to profit from BitTorrent's BITTORRENT® mark.

Defendant has also utilized the Infringing Domain Names to disrupt BitTorrent's business activities. For example, through ownership of domain names like bitorrent.com (which differs by only one letter from the BITTORRENT trademark), Defendant intercepted confidential correspondence intended for Plaintiff's executives and employees. Defendant has utilized this illegally obtained information in order to compete with BitTorrent and in connection with efforts to extort or extract funds from BitTorrent.

BitTorrent has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court.

As Defendant has not participated in a Joint Case Management conference, BitTorrent cannot provide a statement regarding any factual issues in dispute.

### III. LEGAL ISSUES

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

As Defendant has evaded this lawsuit and failed to participate in a Joint Case Management conference, BitTorrent cannot provide a statement regarding any legal issues in dispute.

### IV. MOTIONS

*All prior and pending motions, their current status, and any anticipated motions.*

Defendant evaded service for over a year by continually changing its address each time BitTorrent had submitted a request under the Hague Convention for service of the Complaint and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106518851 v1

4.

SEPARATE CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER
CV 12-2525 BLF

1   Summons upon Defendant in Germany.  This evasion necessitated BitTorrent's filing of motions

2   relating to extensions of time to complete service and resetting of deadlines in this case, as well as

3   a motion permitting substituted service.  All prior motions have been resolved in favor of

4   BitTorrent.  There are no pending motions.  BitTorrent anticipates filing a Motion for Default

5   Judgment.

6   **V.      AMENDMENT OF PLEADINGS**

7        *The extent to which parties, claims, or defenses are expected to be added or dismissed and*

8   *a proposed deadline for amending the pleadings.*

9        No parties, claims, or defenses are expected to be added at this time.  In accordance with

10  Fed. R. Civ. P. 15(a), and given that Defendant has not served a responsive pleading, BitTorrent

11  proposes that no deadline for amending the pleadings be set at this time.

12  **VI.     EVIDENCE PRESERVATION**

13       *A brief report certifying that the parties have reviewed the Guidelines Relating to the*

14  *Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the*

15  *parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and*

16  *proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this*

17  *action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

18       BitTorrent has reviewed the ESI Guidelines. BitTorrent is taking reasonable and

19  proportionate steps to preserve evidence relevant to the issues reasonably evidence in this action.

20       As Defendant has not made itself available to meet and confer, the parties have not met

21  and conferred pursuant to Fed. R. Civ. P. 26(f).

22  **VII.    DISCLOSURES**

23       *Whether there has been full and timely compliance with the initial disclosure*

24  *requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

25       As Defendant has not responded to the Complaint, initial disclosures under Fed. R. Civ. P.

26  26 are premature.

27  **VIII.   DISCOVERY**

28       *Discovery taken to date, if any, the scope of anticipated discovery, any proposed*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106518851 v1                                    5.                          SEPARATE CASE MANAGEMENT STATEMENT &
                                                                            [PROPOSED] ORDER
                                                                            CV 12-2525 BLF

*limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

No discovery has been taken to date.  In view of Defendant's evasion of the lawsuit, and in view of BitTorrent's forthcoming Motion for Default Judgment, BitTorrent believes a proposed discovery plan is premature.

**IX.    CLASS ACTIONS**

*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

**X.    RELATED CASES**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

In separate proceedings between the parties each brought by BitTorrent:

- On September 24, 2013, the Office for Harmonization in the Internal Market ordered the cancellation of Defendant's European Community Trademark (CTM) Registration No. 3216439 for the BITTORRENT mark;

- On November 19, 2013, the Regional Court of Berlin ordered the cancellation of Defendant's German Registration No. 30343101 for the BITTORENT mark; and

- In March 2011, the Regional Court of Berlin dismissed a claim by BitTorrent of infringement in March 2011.

The outcome of each of these proceedings is currently under appeal.

In parallel with its actions to achieve substituted service upon Defendant through its counsel Christoph Hoppe, BitTorrent submitted a third request for service upon Defendant in accordance with the Hague Convention on October 16, 2013.  With regard the BitTorrent's latest request for service upon Defendant under the Hague Convention, the Central Authority for Niedersachsen in Germany issued a decision allowing service upon Defendant.  Defendant appealed the decision allowing service to the Oberlandesgericht (Higher Regional Court) in Celle, and the appeal may take months to resolve.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106518851 v1

6.

SEPARATE CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER
CV 12-2525 BLF

XI.    RELIEF

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

BitTorrent seeks the following relief:

- an injunction regarding Defendant's use of the BITTORRENT mark, or any mark confusingly similar, in connection with the marketing, promotion, advertising, sale, or distribution of any products and services and (ii) from any acts of infringement of BitTorrent's BITTORRENT® trademark;

- that Defendant be required to file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

- that Defendant be adjudged to have violated 15 U.S.C. § 1114 by infringing BitTorrent's BITTORRENT® trademark;

- that Defendant be adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against BitTorrent by using a false designation of origin for Defendant's infringing website;

- that Defendant be adjudged to unlawfully and unfairly compete against BitTorrent under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

- that this Court order the registrar(s) of the Infringing Domain Names (as described in the Complaint) to cancel or transfer the registrations to BitTorrent;

- that BitTorrent be awarded statutory damages of $100,000 for each of the Infringing Domain Names registered by Defendant;

- that BitTorrent be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

- that BitTorrent be awarded three times Defendant's profits and three times of all BitTorrent's damages, suffered as a result of Defendant's willful, intentional, and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106518851 v1

7.

SEPARATE CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER
CV 12-2525 BLF

deliberate acts in violation of the Lanham Act, as well as BitTorrent's costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117;

- that BitTorrent be awarded damages in an amount sufficient to compensate it for the damage caused by Defendant's unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

- that BitTorrent be awarded three times Defendant's profits and three times BitTorrent's damages suffered as a result of the willful, intentional, and deliberate acts in violation of Cal. Bus. & Prof. Code §§ 14247 and 14250;

- that BitTorrent be granted prejudgment and post judgment interest;

- that BitTorrent be granted costs associated with the prosecution of this action; and

- that BitTorrent be granted such further relief as the Court may deem just and equitable.

## XII.   SETTLEMENT AND ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

In view of Defendant's evasion of the lawsuit, BitTorrent does not believe prospects for settlement are favorable, and the parties have not conferred in an attempt to agree on an ADR process in accordance with ADR L.R. 3-5.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   ____ YES   _X_ NO

## XIV.   OTHER REFERENCES

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The case is not suitable for reference.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106518851 v1

8.

SEPARATE CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER
CV 12-2525 BLF

XV.   **NARROWING OF ISSUES**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

In view of Defendant's evasion of the lawsuit, BitTorrent does not believe the issues can be narrowed by agreement.  The issues may be narrowed by the forthcoming Motion for Default Judgment.

XVI.   **EXPEDITED TRIAL PROCEDURE**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

BitTorrent does not believe this is the type of case that should be handled under the Expedited Trial Procedure of General Order 64.

XVII.   **SCHEDULING**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

In view of BitTorrent's forthcoming Motion for Default Judgment, BitTorrent believes a case schedule is not necessary at this time.

XVIII. **TRIAL**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

In view of BitTorrent's forthcoming motion for a default judgment, BitTorrent believes a trial plan is not necessary at this time.  Notwithstanding the foregoing, BitTorrent requests a jury trial and expects the length of the trial to be three (3) days.

### A.   Disclosure of Non-party Interested Entities or Persons

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships,*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106518851 v1

9.

SEPARATE CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER
CV 12-2525 BLF

1  *corporations (including parent corporations) or other entities known by the party to have either:*

2  *(i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii)*

3  *any other kind of interest that could be substantially affected by the outcome of the proceeding.*

4      BitTorrent filed a Certification of Interested Parties on May 16, 2012.  Dkt. 3.  BitTorrent

5  hereby restates the contents of its certification: there is no interest to report other than the named

6  plaintiff.

7  **XIX.   OTHER**

8      *Such other matters as may facilitate the just, speedy and inexpensive disposition of this*

9  *matter.*

10     BitTorrent intends to secure the just, speedy and inexpensive disposition of this matter

11  with a Motion for Default Judgment.

12

13

14  Dated: May 1, 2014                    COOLEY LLP

15

16                                        /s/ John W. Crittenden
                                         _____
                                         John W. Crittenden (101634)
17                                        Attorneys for Plaintiff
                                         BitTorrent, Inc.

18

19                            CASE MANAGEMENT ORDER

20
    The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved
21  as the Case Management Order for this case and all parties shall comply with its provisions. [In
    addition, the Court makes the further orders stated below:]
22
    IT IS SO ORDERED.
23
    Dated:                          _____
24
                                    UNITED STATES DISTRICT/MAGISTRATE JUDGE
25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106518851 v1                    10.                    SEPARATE CASE MANAGEMENT STATEMENT &
                                                       [PROPOSED] ORDER
                                                       CV 12-2525 BLF